UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DORIS DAVIS, et al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Case No. 16-cv-06258-TEH

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO STAY DISCOVERY**

This matter comes before the Court on Defendants' motions to dismiss and to stay discovery.[1] The Court finds these motions suitable for resolution without oral argument, *see* Civil L.R. 7-1(b), and now GRANTS IN PART and DENIES IN PART the motion to dismiss and DENIES the motion to stay discovery for the reasons discussed below.

**BACKGROUND**

In this putative class action, Plaintiffs Doris Davis and Marion Grant seek to compel a determination of the amount of retroactive military retired pay to which they are entitled, as well as actual payment of such pay. They are the surviving spouse and daughter, respectively, of Calvin Coolidge Davis and Junior Grant, both veterans who were members of the class in *Nehmer v. U.S. Department of Veteran Affairs*, Case No. 86-cv-06160-TEH (N.D. Cal.). *Nehmer* concerned benefits claims by Vietnam War veterans whose exposure to Agent Orange caused them to suffer serious diseases. The Court will not detail the history of the *Nehmer* litigation here because it is not relevant to the pending motions.

---

[1] The complaint (ECF No. 1) named the following Defendants: United States of America; U.S. Department of Veterans Affairs ("VA"); U.S. Department of Defense; Defense Finance and Accounting Service ("DFAS"); Robert A. McDonald, Secretary of Veterans Administration; Ashton B. Carter, Secretary of Defense; Teresa A. McKay, Director of DFAS, and Does 1-100. Pursuant to Federal Rule of Civil Procedure 25(d), David Shulkin is substituted as the successor to Robert A. McDonald, and James Mattis is substituted as the successor to Ashton B. Carter. Mot. at 1 n.1 (ECF No. 38).

However, as the Ninth Circuit has observed, "[i]t is a disturbing story, and the performance of the United States Department of Veterans Affairs (VA) has contributed substantially to our sense of national shame." *Nehmer v. U.S. Dep't of Veterans Affairs*, 494 F.3d 846, 849 (9th Cir. 2007).

Mr. Davis, who died in 2007, and Mr. Grant, who died in 2008, were both exposed to Agent Orange during the Vietnam War and both suffered from ischemic heart disease. In 2010, the VA added ischemic heart disease to the list of diseases presumed to be service-related based on Agent Orange exposure. As required by *Nehmer*, the VA subsequently readjudicated both veterans' disability claims and raised their VA disability ratings retroactively to 50 percent for Mr. Davis and 100 percent for Mr. Grant. This made both gentlemen eligible for increased VA disability compensation, as well as military retired pay from DFAS. Prior to filing the complaint in October 2016, both Plaintiffs received the retroactive VA disability benefits they were due as survivors of Mr. Davis and Mr. Grant, but neither had received any retroactive military retired pay from DFAS.

After the complaint was filed, DFAS sent a check to Plaintiff Davis for $2900, which Defendants represent – and Plaintiffs do not dispute – is the amount of retroactive military retired pay she is due. Defendants contend that this payment was delayed only because Davis filed the Standard Form ("SF") 1174 "Claim for Unpaid Compensation of Deceased Member of the Uniformed Services" in 2007, and DFAS wanted to ensure that it had a current address for her "due to the lapse in time." Dunnigan Decl. ¶ 7 (ECF No. 38-1). On September 16, 2016, "DFAS forwarded a letter to Doris J. Davis's last known address seeking submission of an updated claim form." *Id.* However, "[u]pon further review of the account (in November 2016), DFAS realized that Doris J. Davis is currently receiving a monthly survivor annuity. . . . Accordingly, DFAS already had Doris J. Davis's current address/account information (and no new claim form was necessary)." *Id.* Davis acknowledges receiving the check in December 2016, but she states that "[t]here was no accompanying letter in the envelope, and I received no explanation from any of the Defendants about the reason for the payment." Davis Decl. ¶ 2 (ECF No. 45-1).

2

While the motion to dismiss was pending, DFAS sent a check for $1934.53 to Plaintiff Grant on April 26, 2017. Dunnigan Reply Decl. ¶ 4 (ECF No. 47-1). Defendants contend that this payment was not made earlier because DFAS did not receive Grant's SF 1174 form until early April 2017. *Id.* ¶ 3. Plaintiffs dispute whether Grant was required to file this form, but Grant's attorney nonetheless submitted the form to DFAS on April 4, 2017, in response to the arguments raised in Defendants' motion to dismiss. Grant Decl. ¶ 3 (ECF No. 45-2). Because payment was not made until after Plaintiffs filed their opposition brief, Plaintiffs have had no opportunity to opine on whether the $1934.53 amount is correct.

## DISCUSSION

### I. Motion to Dismiss

Defendants originally argued that Plaintiff Davis's claim is moot and that Plaintiff Grant lacks standing. However, now that Grant has submitted an SF 1174 form to DFAS, Defendants have withdrawn their standing argument. They now contend that the complaint must be dismissed because they have determined the amount of retroactive military retired pay due to both Plaintiffs and have actually paid those amounts, thus rendering this case moot.

Although Plaintiffs' individual claims appear to have been resolved,[2] the Court disagrees with Defendants' contention that this case must therefore be dismissed on mootness grounds. Under the general rule, if "the plaintiff's claim becomes moot before the district court certifies the class, the class action normally also becomes moot." *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1048 (9th Cir. 2014). However, "'[t]o the extent that defendants may avoid a class action by "picking off" the named plaintiffs, the class claims are "inherently transitory" and evade review, making an exception to the mootness rule appropriate.'" *Chen v. Allstate Ins. Co.*, 819 F.3d 1136,

---

[2] The only potentially remaining dispute is whether the $1934.53 sent to Grant is the correct amount due.

3

1143 (9th Cir. 2016) (alteration in original) (quoting 5 James Wm. Moore, Moore's Federal Practice § 23.64[1][b] (3d ed. 2016)). This is true even if the named plaintiffs' individual claims are "fully satisf[ied]." *Id.* at 1142.

Plaintiffs' claims in this case are not inherently transitory based on time sensitivity, but they are nonetheless "transitory by virtue of the defendant's litigation strategy." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091 (9th Cir. 2011). Although *Pitts* concerned the strategy of "'picking off' lead plaintiffs with a Rule 68 offer to avoid a class action," *id.* (citation and internal quotation marks omitted), the same rationale applies here. If Defendants were allowed to moot "the individual private claims of the named plaintiffs before the named plaintiffs have a chance to file a motion for class certification," this would "contravene Rule 23's core concern: the aggregation of similar, small, but otherwise doomed claims. It would effectively ensure that [Plaintiffs'] claims . . . would never have their day in court." *Id.* (citations and internal quotation marks omitted). Defendants could avoid review of the challenged procedures by promptly resolving the claims of any proposed named plaintiffs before a class certification motion could be brought. As a result, this is precisely the type of case that must be excepted from the general mootness rules.

Defendants argue that they are not "picking off" the named plaintiffs as part of a litigation strategy. In support of this argument, they contend that they determined the amount of retroactive military retired pay owed to Plaintiff Davis more than two months before the complaint was filed and promptly made payment once they confirmed a valid mailing address. Dunnigan Decl. ¶ 7. However, Defendants fail to consider that DFAS did not realize that it had Davis's current mailing address until a "further review of the account (in November 2016)" – after the complaint was filed. *Id.* The Court finds it more likely than not that the complaint's filing is what prompted this "further review," and it is unclear when, if at all, Davis would have received payment absent this litigation. Likewise, although DFAS promptly paid Plaintiff Grant upon receiving an SF 1174 form from her, Dunnigan Reply Decl. ¶¶ 3-4, the Court has no confidence that it would have

4

done so absent Grant's status as a named plaintiff in this case. The Court reaches this conclusion in part based on Plaintiffs' allegations that the VA sent Grant a letter in both 2012 and 2015 and therefore had her current mailing address, that the VA was in contact with DFAS about benefits owed to Grant, but that DFAS never contacted Grant. Compl. ¶¶ 69-71. In addition, the Court does not approach this case on a blank slate; Defendants have a long history of dragging their feet in the *Nehmer* litigation, and the Court repeatedly had to intervene to ensure that *Nehmer* class members received the benefits to which they were entitled in a timely – or, more accurately, a less untimely – manner.

Defendants also attempt to distinguish *Chen* on grounds that the plaintiff there, unlike Plaintiffs here, received only an offer of relief and not any actual relief. This attempted distinction is unpersuasive because the Ninth Circuit's decision in *Chen* relied on *Pitts* to find that Pacleb, the named plaintiff, should be allowed to seek class certification "even assuming [Defendant] Allstate could fully satisfy Pacleb's individual claims." *Chen*, 819 F.3d at 1144. The court subsequently concluded that Pacleb's individual claims were not moot because he had "not actually received all of the relief to which he is entitled on those claims," but this was part of an alternate holding. *See id.* at 1144-46 (finding claims not moot in section of opinion concluding that case could proceed "even if *Pitts* were not controlling").

Under both *Chen* and *Pitts*, the transitory nature of Plaintiffs' claims warrants an exception to the general mootness doctrine. Defendants' motion to dismiss based on mootness is therefore DENIED.

Defendants also move to strike Plaintiffs' jury demand, arguing that there is no right to a jury trial against the United States or under the Administrative Procedures Act. Plaintiffs conceded these arguments by failing to respond to them in their opposition brief. *E.g.*, *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. 2013). Accordingly, the motion is GRANTED on this issue, and Plaintiffs' demand for a jury trial is stricken.

## II. Motion to Stay Discovery

Finally, Defendants filed a motion to stay discovery pending resolution of the motion to dismiss. The Court has now resolved the motion to dismiss and allowed Plaintiffs' claims to proceed. The motion to stay discovery is therefore DENIED as moot.

## CONCLUSION

For the reasons stated in this order, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. The motion is granted only as to Plaintiffs' demand for a jury trial. Defendants' motion to stay discovery pending resolution of the motion to dismiss is DENIED as moot.

**IT IS SO ORDERED.**

Dated: 05/09/17 _____
THELTON E. HENDERSON
United States District Judge