CHAD A. READLER
Acting Assistant Attorney General
LESLEY FARBY
Assistant Branch Director
NIKHEL S. SUS (D.C. Bar No. 1017937)
M. ANDREW ZEE (CA Bar No. 272510)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, D.C. 20530
Tel.:    (202) 514-2071
Fax:    (202) 616-8470

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| DORIS DAVIS, and MARION GRANT, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. | CASE NO. 16-cv-6258 (JD) <br><br> Hearing Date: March 15, 2018 <br> Time: 10:00 a.m. <br> Hon. James Donato <br><br> **DEFENDANTS' MOTION TO DISMISS, OR, ALTERNATIVELY, FOR PARTIAL JUDGMENT ON THE PLEADINGS AND TO STRIKE CLASS ALLEGATIONS** |

     Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(c), 12(h)(2)-(3), 23(c)(1)(A), 23(d)(1)(D), and the Court's inherent authority, Defendants move to dismiss the Complaint for lack of subject-matter jurisdiction, or, alternatively, for partial judgment on the pleadings and to strike the class allegations in the Complaint.  Accompanying this motion is a memorandum of points and authorities in support of the motion, and a proposed order.

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................. 1

I.      Statutory And Regulatory Background ............................................................. 1

II.     The *Nehmer* Litigation ...................................................................................... 3

III.    The *Haddock* Case And This Suit ...................................................................... 3

ARGUMENT .................................................................................................................. 5

I.      Motion To Dismiss For Lack Of Subject-Matter Jurisdiction ............................ 5

        A.      38 U.S.C. § 511 Precludes Jurisdiction Over Plaintiffs' Claims Against VA ......... 5

        B.      This Case Should Be Dismissed Under The First-To-File Rule ............................ 6

        C.      Sovereign Immunity Bars Plaintiffs' APA Claim .................................................... 9

        D.      This Court Lacks Jurisdiction Over The Little Tucker Act Claim Because
                Plaintiffs Have Not Clearly And Adequately Waived Claims Above
                $10,000 ...................................................................................................... 11

II.     Motion For Partial Judgment On The Pleadings As To Survivors' Claims ..................... 12

III.    Motion To Strike Class Allegations For Failure To Satisfy Rule 23(a)(3) Typicality ....... 14

CONCLUSION ............................................................................................................... 15

## TABLE OF AUTHORITIES

**CASES**

*Alltrade, Inc. v. Uniweld Prod.*,
   946 F.2d 622 (9th Cir. 1991) ................................................................................ 7

*Briggs v. United States*,
   564 F. Supp. 2d 1087 (N.D. Cal. 2008) ................................................................ 9

*Briseno v. ConAgra Foods, Inc.*,
   844 F.3d 1121 (9th Cir. 2017) ............................................................................ 14

*Christopher Vill., L.P. v. United States*,
   360 F.3d 1319 (Fed. Cir. 2004) .......................................................................... 10

*Dettling v. United States*,
   983 F. Supp. 2d 1184 (D. Haw. 2013) ................................................................ 11

*Doe v. United States*,
   463 F.3d 1314 (Fed. Cir. 2006) .......................................................................... 12

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) .............................................................................. 15

*Fisher v. Duff*,
   2016 WL 3280429 (W.D. Wash. June 15, 2016) .................................................. 8

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 (1982) ..................................................................................... 14, 15

*Hells Canyon Pres. Council v. U.S. Forest Serv.*,
   593 F.3d 923 (9th Cir. 2010) .............................................................................. 12

*Hill v. Robert's Am. Gourmet Food*,
   2013 WL 3476801 (N.D. Cal. July 10, 2013) ...................................................... 7

*Hilton v. Apple Inc.*,
   2013 WL 5487317 (N.D. Cal. Oct. 1, 2013) ......................................................... 7

*Kohn Law Grp. v. Auto Parts Mfg.*,
   787 F.3d 1237 (9th Cir. 2015) ...................................................................... 7, 8, 9

*Matsuo v. United States*,
   416 F. Supp. 2d 982 (D. Haw. 2006) .................................................................. 11

*Mazur v. eBay Inc.*,
   257 F.R.D. 563 (N.D. Cal. 2009) ....................................................................... 15

*Davis v. United States*, 16-cv-6258 - Defs.' Mot. to Dismiss or for Partial Judgment and to Strike Class Allegations

*Moreno v. Castlerock Farming*,
2013 WL 1326496 (E.D. Cal. Mar. 29, 2013) ................................................................. 7

*Pacesetter Sys. v. Medtronic, Inc.*,
678 F.2d 93 (9th Cir. 1982) ................................................................................................ 9

*Pedro v. Millennium Prod.*,
2016 WL 3029681 (N.D. Cal. May 27, 2016) ............................................................ 7, 9

*Pregis Corp. v. Kappos*,
700 F.3d 1348 (Fed. Cir. 2012) ........................................................................................ 10

*Recinto v. VA*,
706 F.3d 1171 (9th Cir. 2013) ............................................................................................ 6

*Reiter v. Cooper*,
507 U.S. 258 (1993) ............................................................................................................ 13

*Ruff v. Del Monte Corp.*,
2013 WL 1435230 (N.D. Cal. Apr. 9, 2013) ................................................................... 7

*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004) ............................................................................................ 5

*Sanders v. Apple Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) ............................................................................. 14

*South Carolina v. United States*,
221 F. Supp. 3d 684 (D.S.C. 2016) .................................................................................... 9

*Stone v. United States*,
683 F.2d 449 (D.C. Cir. 1982) .......................................................................................... 11

*Suburban Mortg. Assocs. v. HUD*,
480 F.3d 1116 (Fed. Cir. 2007) .............................................................................. 9, 10, 11

*Tietsworth v. Sears*,
720 F. Supp. 2d 1123 (N.D. Cal. 2010) .......................................................................... 14

*United States v. Park Place Assocs.*,
563 F.3d 907 (9th Cir. 2009) ............................................................................................ 11

*Veterans for Common Sense v. Shinseki*,
678 F.3d 1013 (9th Cir. 2012) ....................................................................................... 5, 6

*W. Radio Servs. v. Espy*,
79 F.3d 896 (9th Cir. 1996) .............................................................................................. 13

iii

*Wallerstein v. Dole Fresh Veg., Inc.*,
   967 F. Supp. 2d 1289 (N.D. Cal. 2013) ................................................................ 7

*Waters v. Rumsfeld*,
   320 F.3d 265 (D.C. Cir. 2003) ......................................................................... 11

*Weinstein v. Metlife*,
   2006 WL 3201045 (N.D. Cal. Nov. 6, 2006) ........................................................... 7

**STATUTES**

5 U.S.C. § 704 ................................................................................................. 9, 10

5 U.S.C. § 706(1) ........................................................................................... 4, 6, 12

10 U.S.C. § 1414 ............................................................................................. *passim*

10 U.S.C. § 1414(a)(1) ...................................................................................... 2, 12

10 U.S.C. § 1414(a)(2) ....................................................................................... 2, 3

10 U.S.C. § 2771 ............................................................................................. *passim*

10 U.S.C. § 2771(a) ............................................................................................. 13

10 U.S.C. § 2771(d) ............................................................................................. 13

28 U.S.C. § 1295(a)(2) ........................................................................................... 9

28 U.S.C. § 1346 .................................................................................................. 4

31 U.S.C. § 3702 .................................................................................................. 2

38 U.S.C. § 511 ............................................................................................... 1, 5, 6

38 U.S.C. § 511(a) ................................................................................................ 5

38 U.S.C. § 5304 .................................................................................................. 1

38 U.S.C. § 5305 .................................................................................................. 1

**REGULATIONS**

32 C.F.R. Pt. 282 App. C .................................................................................. 3, 13, 14

**RULES**

Fed. R. Civ. P. 23(a)(3) ..................................................................................... 14, 15

Fed. R. Civ. P. 12(b)(1) .......................................................................................... 5

*Davis v. United States*, 16-cv-6258 - Defs.' Mot. to Dismiss or for Partial Judgment and to Strike Class Allegations

1

### NOTICE OF MOTION

2        Defendants—the United States of America; U.S. Department of Veterans Affairs

3    ("VA"); U.S. Department of Defense ("DOD"); Defense Finance and Accounting Service

4    ("DFAS"); David Shulkin, sued solely in his official capacity as Secretary of Veterans Affairs;

5    James Mattis, sued solely in his official capacity as Secretary of Defense; Teresa A. McKay,

6    sued solely in her official capacity as Director of DFAS; and Does 1-100, inclusive—

7    respectfully move this Court to dismiss the Complaint for lack of subject-matter jurisdiction, or,

8    alternatively, for partial judgment on the pleadings and to strike the class allegations in the

9    Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(c), 12(h)(2)-(3),

10   23(c)(1)(A), 23(d)(1)(D), and the Court's inherent authority.  Defendants respectfully request

11   that this motion be heard on March 15, 2018, at 10:00 a.m., or as soon as feasible thereafter.

12

### STATEMENT OF THE ISSUES

13       Whether 38 U.S.C. § 511 bars jurisdiction over Plaintiffs' claims against VA; whether

14   this case is barred by the first-to-file rule; whether the Court lacks jurisdiction over the

15   Administrative Procedure Act ("APA") claim because Plaintiffs have an adequate alternative

16   remedy under the Tucker Act and the Little Tucker Act; whether this Court lacks jurisdiction

17   over the Little Tucker Act claim because Plaintiffs have not clearly and adequately waived

18   claims above $10,000; whether Plaintiffs have pleaded a viable claim on behalf of survivors of

19   deceased military retirees; and whether Plaintiffs' class allegations are facially deficient and

20   should be stricken.

21

22

23

24

25

26

27

28

*Davis v. United States*, 16-cv-6258 - Defs.' Mot. to Dismiss or for Partial Judgment and to Strike Class Allegations

**INTRODUCTION**

This is a putative class action in which Plaintiffs Doris Davis and Marion Grant, survivors of deceased military retirees, seek to compel VA and DFAS to determine and pay the amounts of Retroactive Military Retired Pay ("Retro MRP") they and the putative class are allegedly owed under 10 U.S.C. § 1414. Plaintiffs assert claims under the APA for alleged unreasonable delay in the determinations of their purported entitlement to Retro MRP, and under the Little Tucker Act for alleged nonpayment of Retro MRP.

Plaintiffs' Complaint is deficient for several independent reasons. First, 38 U.S.C. § 511 expressly precludes jurisdiction over Plaintiffs' claims against VA. Second, this case is barred by the first-to-file rule because, before filing this case, Plaintiffs filed a materially identical suit in the Court of Federal Claims. Third, the Court lacks jurisdiction over the APA claim because Plaintiffs have an adequate alternative remedy under the Tucker Act and the Little Tucker Act. Fourth, this Court lacks jurisdiction over the Little Tucker Act claim because Plaintiffs have not clearly and adequately waived claims above $10,000, which is a jurisdictional prerequisite to suit in district court. Fifth, even if the Court were to find it has jurisdiction, Plaintiffs have failed to plead a viable claim on behalf of *survivors* of deceased military retirees, thus warranting partial judgment on the pleadings as to survivors' claims. Sixth, Plaintiffs' class allegations are facially deficient and should be stricken.

The Court should thus dismiss the Complaint for lack of jurisdiction, or, alternatively, grant Defendants partial judgment on the pleadings and strike the class allegations.

**BACKGROUND**

**I.     Statutory And Regulatory Background**

Among the monetary benefits that a retired veteran may be entitled to receive are Military Retired Pay and VA disability compensation. Before 2004, federal law prohibited military retirees from concurrently receiving both MRP and VA disability compensation. *See* 38 U.S.C. §§ 5304-05. Consequently, military retirees who received VA compensation would often choose to have their MRP offset by the amount of their VA compensation, which is not typically taxable

- 1 -

as income.  This changed in 2004 when Congress enacted 10 U.S.C. § 1414, which, effective January 1, 2004, made certain retirees eligible for concurrent receipt of both MRP and VA compensation.  After § 1414's enactment, DFAS began paying MRP to veterans already receiving VA compensation, if they met § 1414's statutory criteria.  This included payments of Retro MRP due to *Nehmer* class members (explained below) who are eligible retirees, but were previously barred from concurrently receiving MRP and VA compensation.

To be eligible for concurrent receipt of MRP and VA compensation under § 1414, a retiree must be (1) a member or former member of the Uniformed Services, (2) entitled to MRP, and (3) entitled to VA disability compensation based on a service-connected disability (or combination of service-connected disabilities) that VA rates at 50 percent or higher.  10 U.S.C. § 1414(a)(1)-(2).  In addition, the retiree must submit an application to receive MRP, typically upon retirement.  DOD Fin. Mgmt. Reg. Vol. 7B, App'x P ¶ P00303, *available at* http://comptroller.defense.gov/Portals/45/documents/fmr/Volume_07b.pdf ("DOD FMR 7B"). A living military retiree who has an active MRP claim on file and is entitled to monthly MRP payments is not required to submit a new application to receive any Retro MRP to which he or she is entitled; such payment is simply disbursed to the retiree's active account.  *Id.* ¶ 6403.

If a retiree dies, his or her entitlement to MRP terminates.  *Id.* ¶ 300201 ("Entitlement to retired pay terminates on the date of the retiree's death.").  But any MRP that was due but unpaid to the retiree prior to death is potentially payable to the member's qualified "beneficiary" or other survivor in the form of an Arrears-of-Pay award from DFAS, pursuant to 10 U.S.C. § 2771 (authorizing "settlement of the accounts of a deceased member of the armed forces"), and 31 U.S.C. § 3702 (DOD "shall settle . . . claims involving uniformed service members' . . . retired pay, and survivor benefits").  An Arrears-of-Pay award under § 2771 is the exclusive mechanism by which a survivor may collect Retro MRP that becomes due to a deceased retiree after death; the survivor may *not* seek relief under § 1414, because that statute confers an entitlement only on the retiree.  10 U.S.C. § 1414(a)(1) (only allowing "a member or former member" to be paid).

*Davis v. United States*, 16-cv-6258 - Defs.' Mot. to Dismiss or for Partial Judgment and to Strike Class Allegations

Per DOD regulations, Arrears-of-Pay awards under § 2771 are not automatic—and for good reason. For one thing, DFAS must confirm that the retiree is actually deceased before disbursing Arrears-of-Pay awards to survivors. DOD FMR 7B ¶ 300201 ("[]DFAS[] must attempt to obtain proof of death before closing an account."). DFAS must also determine who (among a range of possible claimants) is entitled to such an award and, if more than one qualified beneficiary with co-equal priority exists, the amount each should receive. *See* 10 U.S.C. § 2771. To facilitate these determinations, DOD regulations require that potential beneficiaries submit a completed SF-1174 claim form to DFAS before they may obtain an Arrears-of-Pay award. *See* DOD FMR 7B ¶ 300205A; 32 C.F.R. Pt. 282, App. C (outlining requirements for "Submitting a Claim" under "10 U.S.C. 2771").[1] When a retiree dies, DFAS sends SF-1174 forms to potential beneficiaries of which it is aware. DOD FMR 7B ¶ 300203.

## II.     The *Nehmer* Litigation

The Court has deemed this case related to *Nehmer v. VA*, No. 3:86-cv-06160-TEH (N.D. Cal.). ECF No. 21. The *Nehmer* class members were veterans who sought VA disability compensation based on exposure to Agent Orange. *Nehmer* did not concern Retro MRP, and DFAS was not a party to that case. Rather, *Nehmer* concerned the VA's classification of diseases as presumptively associated with Agent Orange exposure. Per court orders and VA regulations, VA readjudicated previously-denied disability claims of *Nehmer* class members in light of the newly-added diseases presumptively associated with Agent Orange exposure, and, where appropriate, adjusted members' VA disability ratings and awarded retroactive disability compensation. These *Nehmer* readjudications are only relevant here insofar as they have resulted in retroactive disability compensation awards that VA rates at 50 percent or higher for a qualified retiree ("Qualifying *Nehmer* Readjudication"). Such a readjudication would trigger a living retiree's potential entitlement to Retro MRP under § 1414(a)(2), or, if the retiree were deceased, a survivor's potential right to claim an Arrears-of-Pay award under § 2771.

---

[1] SF-1174, https://app_gsagov_prod_rdcgwaajp7wr.s3.amazonaws.com/SF%201174.pdf

*Davis v. United States*, 16-cv-6258 - Defs.' Mot. to Dismiss or for Partial Judgment and to Strike Class Allegations

1

### III.    The *Haddock* Case And This Suit

2       On October 28, 2016, Plaintiffs' counsel filed a putative class action in the Court of

3  Federal Claims, asserting a Tucker Act claim against the Government for alleged nonpayment of

4  Retro MRP.  *See Haddock v. United States*, No. 1:16-cv-01423.  Later that day, Plaintiffs filed

5  this suit.  The Complaint in this case includes two counts.  Count I seeks injunctive relief under

6  the APA, 5 U.S.C. § 706(1), asserting that Defendants have unreasonably delayed and failed to

7  determine the amounts of Retro MRP allegedly due to Plaintiffs.  Compl. ¶¶ 80-87.  Count II

8  seeks monetary relief under the Little Tucker Act, 28 U.S.C. § 1346, for alleged nonpayment of

9  Retro MRP.  *Id.* ¶¶ 88-91.  The two Named Plaintiffs are survivors of deceased retirees who died

10  before receiving *Nehmer* readjudications.  *Id.* ¶¶ 58-71.  No living retiree has been named as a

11  plaintiff in either this case or *Haddock*.

12       The Complaint defines two putative classes: the "Veterans Class" and the "Veterans

13  Payment Subclass."  *Id.* ¶¶ 73-74.  The putative Veterans Class consists of (1) living *Nehmer*

14  class members with 20 years or more of creditable service (or their survivors); (2) who received

15  a Qualifying *Nehmer* Readjudication; and (3) who have not received a determination by

16  Defendants as to their entitlement to Retro MRP.  *Id.* ¶ 73.  The putative Veterans Payment

17  Subclass consists of (1) living *Nehmer* class members with 20 years or more of creditable service

18  (or their survivors); (2) who received a Qualifying *Nehmer* Readjudication; and (3) who have not

19  received payment of Retro MRP in an amount that is $10,000 or less.  *Id.* ¶ 74.  As relief, the

20  Complaint seeks an order directing Defendants to "investigate and identify" all members of the

21  putative classes, and make Retro MRP determinations and payments for those putative class

22  members by a "date certain."  Compl. at 24.

23       On March 2, 2017, Defendants moved to dismiss the Named Plaintiffs' claims as moot.

24  ECF No. 38.  By Order dated May 9, 2017, Judge Henderson—then the presiding judge in this

25  matter—declined to dismiss the Named Plaintiffs' claims.  ECF No. 49.  Although the Court

26  recognized that the Named Plaintiffs' claims are moot because they have been paid any money

27

28

*Davis v. United States*, 16-cv-6258 - Defs.' Mot. to Dismiss or for Partial Judgment and to Strike Class Allegations

they were owed by Defendants, it held that this case fits an "exception to the general mootness doctrine" applicable to putative class actions.  *Id.* at 5.[2]

On May 15, 2017, the Court held an Initial Case Management Conference, where it referred the case for an early settlement conference.  ECF No. 50.  Defendants filed their Answer on June 5, 2017, ECF No. 55, and the parties appeared for a settlement conference before Magistrate Judge Ryu on August 8, 2017.  At the conference, the parties agreed to an informal litigation moratorium pending further settlement discussions, ECF No. 66, which continued through January 2018, ECF Nos. 68, 70-73.  On January 15, 2018, the litigation moratorium expired and active litigation resumed.[3]

**ARGUMENT**

**I.      Motion To Dismiss For Lack Of Subject-Matter Jurisdiction**

A Rule 12(b)(1) motion will be granted when the complaint's allegations fail to establish jurisdiction, either facially or factually.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Here, it is clear from the face of the Complaint that the Court lacks jurisdiction over both the APA and Little Tucker Act claims, for several reasons.

**A.      38 U.S.C. § 511 Precludes Jurisdiction Over Plaintiffs' Claims Against VA**

Plaintiffs' claims against VA are precluded by 38 U.S.C. § 511.  This provision expressly precludes judicial review of "all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans."  38 U.S.C. § 511(a).  In *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012) (en banc) ("*VCS*"), the Ninth Circuit held that "§ 511 precludes jurisdiction over a claim if it requires the district court to review 'VA decisions that relate to benefits decisions,' including

---

[2] Although Defendants respectfully disagree with this ruling and preserve objections to it for purposes of appeal, the purpose of this motion is not to re-litigate any issue presented in the prior motion to dismiss—which focused solely on the Named Plaintiffs' claims—but rather to raise broader deficiencies in the Complaint that this Court has not yet addressed.

[3] Following Judge Henderson's retirement, this case was reassigned to Judge Donato on August 14, 2017.  ECF No. 67.

*Davis v. United States*, 16-cv-6258 - Defs.' Mot. to Dismiss or for Partial Judgment and to Strike Class Allegations

1   'any decision made by the Secretary in the course of making benefits determinations.'"  *See also*

2   *Recinto v. VA*, 706 F.3d 1171, 1175 (9th Cir. 2013) ("[I]f reviewing Plaintiffs' claim would

3   require review of the circumstances of individual benefits requests, jurisdiction is lacking.").

4   Applying this broad standard, the Circuit held that the district court "lack[ed] jurisdiction" as to

5   VCS's claims against VA challenging alleged "delays in the provision of mental health care and

6   to the absence of procedures to challenge such delays," as well as "VCS's claims related to

7   delays in the adjudication of service-related disability benefits."  *VCS*, 678 F.3d at 1037.

8   Section 511, as construed by the en banc Circuit in *VCS*, squarely precludes jurisdiction

9   over both Plaintiffs' APA and Little Tucker Act claims against VA.  Like the precluded APA

10  claims in *VCS*, Plaintiffs' APA claim here asserts violations of 5 U.S.C. § 706(1) based on VA's

11  alleged "unreasonable delay and failure to determine the amounts of" Retro MRP due to the

12  putative class.  Compl. ¶¶ 83, 86.  Such a challenge to alleged "delays in the VA's adjudication

13  of veterans' . . . benefits plainly implicates questions of law and fact regarding the appropriate

14  method of providing benefits to individual veterans."  *VCS*, 678 F.3d at 1029.  The "district court

15  cannot decide such claims without determining whether the VA acted properly in handling

16  individual veterans' benefits requests at each point in the process," and § 511 "deprives the

17  district court of jurisdiction over such questions."  *Id.*

18  The Little Tucker Act claim is likewise barred by § 511.  That claim alleges that VA has

19  unlawfully deprived Plaintiffs of a benefit—Retro MRP, as triggered by VA disability

20  compensation awards.  Compl. ¶ 91.  It thus falls squarely within § 511's bar on challenges to

21  "VA decisions that *relate to* benefits decisions."  *VCS*, 678 F.3d at 1025 (emphasis added); *see*

22  *id.* at 1023 ("Congress was quite serious about limiting our jurisdiction over anything dealing

23  with the provision of veterans' benefits.").  Because § 511 precludes jurisdiction over Plaintiffs'

24  claims against VA, those claims and the VA Defendants should be dismissed from this case.

25  **B.   This Case Should Be Dismissed Under The First-To-File Rule**

26  Plaintiffs have sought to split their claims into two cases, first filing the *Haddock* case

27  under the Tucker Act in the Court of Federal Claims, and then filing this action under the Little

28

*Davis v. United States*, 16-cv-6258 - Defs.' Mot. to Dismiss or for Partial Judgment and to Strike Class Allegations

Tucker Act.[4]  But as Plaintiffs themselves have acknowledged, both cases concern substantially the same parties and issues.  This procedurally-improper tactic is barred by the first-to-file rule.

The "first-to-file rule" permits a district court to "decline jurisdiction" where a "complaint involving the same parties and issues has already been filed in another district." *Alltrade, Inc. v. Uniweld Prod.*, 946 F.2d 622, 625 (9th Cir. 1991).  Courts applying the rule "analyze[] three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues."  *Kohn Law Grp. v. Auto Parts Mfg.*, 787 F.3d 1237, 1240 (9th Cir. 2015).  All three factors support dismissal here.

***Chronology of the Lawsuits.***  Plaintiffs have acknowledged that *Haddock* was filed first, *see* Ex. 1 (*Haddock* Mot. to Stay) at 1, 4, 11, so this requirement is satisfied.

***Similarity of the Parties.***  The "first-to-file rule does not require exact identity of the parties"; it "requires only substantial similarity of parties."  *Kohn*, 787 F.3d at 1240.  Here, the defendants are substantially similar in both cases: this suit is brought against the United States and federal agencies, while the United States is the defendant in *Haddock*.  *See* Compl. at 1; Ex. 2 (*Haddock* Am. Compl.) at 1.  And in evaluating whether plaintiffs are substantially similar in two putative class actions, courts compare not the named plaintiffs in the two suits, but the putative classes.[5]  "[P]roposed classes in class action lawsuits are substantially similar where both classes seek to represent ***at least some*** of the same individuals."  *Wallerstein*, 967 F. Supp. 2d at 1296 (emphasis added).  That standard is readily satisfied here.  The definitions of the putative "Veterans Payment Subclass" here and the "Veterans Payment Class" in *Haddock* are

---

[4] Under the Tucker Act and Little Tucker Act, the Court of Federal Claims and district courts have concurrent jurisdiction over claims against the United States for $10,000 or less, while the Court of Federal Claims has exclusive jurisdiction over such claims exceeding $10,000.

[5] *E.g.*, *Wallerstein v. Dole Fresh Veg., Inc.*, 967 F. Supp. 2d 1289, 1295 (N.D. Cal. 2013); *Pedro v. Millennium Prod.*, 2016 WL 3029681, at *3 (N.D. Cal. May 27, 2016); *Hill v. Robert's Am. Gourmet Food*, 2013 WL 3476801, at *4 (N.D. Cal. July 10, 2013); *Ruff v. Del Monte Corp.*, 2013 WL 1435230, at *3 (N.D. Cal. Apr. 9, 2013); *Hilton v. Apple Inc.*, 2013 WL 5487317, at *7 (N.D. Cal. Oct. 1, 2013); *Moreno v. Castlerock Farming*, 2013 WL 1326496, at *2 (E.D. Cal. Mar. 29, 2013); *Weinstein v. Metlife*, 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006).

*Davis v. United States*, 16-cv-6258 - Defs.' Mot. to Dismiss or for Partial Judgment and to Strike Class Allegations

1   materially identical.  *Compare* Compl. ¶ 74, *with* Ex. 2 ¶ 103.  Plaintiffs tried to create an

2   artificial distinction by defining the putative class here to include veterans "[w]ho have not

3   received payment of [Retro MRP] *in an amount that is $10,000 or less*," Compl. ¶ 74.iii

4   (emphasis added), and the putative class in *Haddock* to include veterans "[w]ho have not

5   received payment of [Retro MRP] *in an amount that exceeds $10,000*," Ex. 2 ¶ 103.iii

6   (emphasis added).  But a veteran who meets the other class criteria and who has not received *any*

7   amount of Retro MRP—precisely the claimants Plaintiffs seek to represent—would necessarily

8   fall into *both* class definitions, having not received Retro MRP in *either* "an amount that is

9   $10,000 or less," *or* "an amount that exceeds $10,000."  Thus, substantial overlap exists.

10          Facing a strikingly similar situation in *Fisher v. Duff*, 2016 WL 3280429, at *2 (W.D.

11   Wash. June 15, 2016), the court dismissed the second-filed action.  The plaintiffs there, like

12   Plaintiffs here, filed a putative class action under the Tucker Act in the Court of Federal Claims,

13   and the next day, filed a materially identical case in district court under the Little Tucker Act.

14   "[T]he putative class before [the district court] exclude[d]" putative class members "with claims

15   over $10,000, while the putative class before the Court of Federal Claims includes those"

16   putative class members.  *Id.*  In granting dismissal under the first-to-file rule, the court found that

17   the "putative class members in this suit fall within the putative class before the Court of Federal

18   Claims," and thus that "both suits involve substantially similar parties." *Id.*  So too here.

19          ***Similarity of the Issues.***  "The issues in both cases . . . need not be identical, only

20   substantially similar"—i.e., only "'substantial overlap' between the two suits" is required.  *Kohn*,

21   787 F.3d at 1240-41.  There is no dispute that the claims here and in *Haddock* substantially

22   overlap.  Both suits seek monetary relief from the Government for alleged nonpayment of Retro

23   MRP under § 1414.  *Compare* Compl. ¶ 1, *with* Ex. 2 ¶ 1.  Indeed, Plaintiffs have conceded as

24   much.  After making the tactical decision to file duplicative cases, Plaintiffs moved to stay

25   *Haddock* pending resolution of this case.  Ex. 1.  In that motion (which was ultimately denied),

26   Plaintiffs repeatedly stated that the two cases implicate a "single dispute" that is "based on the

27   same underlying facts."  *Id.* at 1, 4.  Where, as here, the "claims in the earlier and later-filed

28

*Davis v. United States*, 16-cv-6258 - Defs.' Mot. to Dismiss or for Partial Judgment and to Strike Class Allegations

lawsuits implicate 'common fact[s],'" the suits "present similar issues." *Pedro*, 2016 WL 3029681, at *5.

  ***Existence of the APA Claim is Immaterial.***  Plaintiffs have argued that their disregard of the first-to-file rule should be excused here because, in addition to their Little Tucker Act claim for monetary relief, they have asserted an APA claim for injunctive relief, and the Court of Federal Claims lacks jurisdiction over that claim. Ex. 1 at 12-13.  But the Ninth Circuit has made clear that the "the first to file rule is applicable" even where "two actions differ . . . as to the remedy sought." *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 95-96 (9th Cir. 1982).  In any event, as explained below in Part I.C., Plaintiffs' APA claim fails because there is an adequate alternative remedy under the Tucker Act and Little Tucker Act, which of course can be (and in fact already is being) pursued in *Haddock*.  Plaintiffs' deficient, wholly unnecessary APA claim provides no excuse for their ignoring the first-to-file rule.  *See Kohn*, 787 F.3d at 1239 ("first-to-file rule . . . should not be disregarded lightly").  The Court should decline jurisdiction over this duplicative suit and dismiss it in favor of the first-filed *Haddock* case.

  **C.**  **Sovereign Immunity Bars Plaintiffs' APA Claim**

  The APA waives sovereign immunity in some circumstances, but that waiver is subject to several critical limitations, including that there must be "no other adequate remedy in a court."  5 U.S.C. § 704.  Plaintiffs' APA claim runs afoul of § 704, because the Tucker Act and Little Tucker Act provide an "adequate remedy" in place of the relief Plaintiffs seek under the APA.

  In evaluating an APA waiver in cases such as this one, courts apply a "two-step approach." *Briggs v. United States*, 564 F. Supp. 2d 1087, 1091 (N.D. Cal. 2008) (citing *Suburban Mortg. Assocs. v. HUD*, 480 F.3d 1116 (Fed. Cir. 2007)).[6]  The first question is

---

[6] Federal Circuit precedent is highly persuasive on this question, because that court has exclusive jurisdiction over appeals of cases, such as this one, based "in whole or in part" on the Tucker Act or Little Tucker Act.  28 U.S.C. § 1295(a)(2); *see South Carolina v. United States*, 221 F. Supp. 3d 684, 694 n.4 (D.S.C. 2016) ("[T]he court pays special heed to decisions from the Federal Circuit and the CFC, which have extensive experience with" issues concerning the "interplay between the Tucker Act and the APA.").

*Davis v. United States*, 16-cv-6258 - Defs.' Mot. to Dismiss or for Partial Judgment and to Strike Class Allegations

"whether the plaintiff [is] really seeking money." *Id.* This requires the Court to "look beyond the form of the pleadings to the substance of the claim." *Suburban Mortg.*, 480 F.3d at 1124. "[D]ressing up a claim for money as one for equitable relief will not remove the claim from Tucker Act jurisdiction and make it an APA case." *Id.*; *see also Christopher Vill., L.P. v. United States*, 360 F.3d 1319, 1328 (Fed. Cir. 2004) ("[A] party may not circumvent the Claims Court's exclusive jurisdiction by framing a complaint in the district court as one seeking injunctive . . . relief where the thrust of the suit is to obtain money from the United States."). Next, the court turns to the "question raised by 5 U.S.C. § 704— . . . can the Court of Federal Claims provide an adequate remedy under the Tucker Act for the alleged wrong?" *Suburban Mortg.*, 480 F.3d at 1125. "[I]f a money judgment will give the plaintiff essentially the remedy he seeks," then the Tucker Act is the appropriate vehicle. *Id.* "[A] judicial remedy is adequate for purposes of 5 U.S.C. § 704 even if it does not provide relief identical to relief under the APA, so long as it offers relief of the same genre." *Pregis Corp. v. Kappos*, 700 F.3d 1348, 1360 (Fed. Cir. 2012).

Here, both steps dictate that Plaintiffs' APA claim falls outside § 704's waiver of sovereign immunity. First, the "thrust" or "substance" of Plaintiffs' APA claim and this suit is to obtain money from the Government in the form of Retro MRP. Plaintiffs themselves repeatedly confirm this throughout the Complaint.[7] Even though the APA claim is framed as a request for injunctive relief, it is clear that Plaintiffs' "ultimate goal" is to obtain money. *See Suburban Mortg.*, 480 F.3d at 1126 ("Though the claim is styled as one for declaratory relief, . . . Suburban's ultimate goal . . . is to recover the insurance proceeds. . . . Suburban's claim is in substance . . . asking for monetary relief from the Government").

---

[7] *See, e.g.*, Compl. ¶ 7 (alleging that "DFAS has yet to fulfill its longstanding **obligation to pay the retroactive Military Retired Pay** to which Plaintiffs herein and the Veterans Class are entitled"); *id.* ¶ 87 (as part of APA claim, requesting that "Defendants be ordered to make a determination of the **amounts Plaintiffs and members of the Veterans Class are entitled to receive** as retroactive compensation of Military Retired Pay under the CRDP program"); *id.* at 24 (requesting order compelling "Defendants to determine, by a date certain, **the amount of money each Plaintiff and each member of the Veterans Class is entitled to receive** in retroactive Military Retired Pay pursuant to Section 1414") (emphasis added to all parentheticals).

- 10 -

*Davis v. United States*, 16-cv-6258 - Defs.' Mot. to Dismiss or for Partial Judgment and to Strike Class Allegations

Second, relief under the Tucker Act and Little Tucker Act would afford Plaintiffs an "adequate remedy" that provides "essentially" the relief they seek under the APA.  The Court must "begin with the proposition that '[t]he availability of an action for money damages under the Tucker Act or Little Tucker Act is presumptively an 'adequate remedy' for § 704 purposes.'" *Id.*; *accord Matsuo v. United States*, 416 F. Supp. 2d 982, 988-89 (D. Haw. 2006).  That presumption holds true here.  Plaintiffs' APA claim alleges that Defendants unreasonably delayed in making Retro MRP determinations, and seeks an order compelling Defendants to determine the amounts of Retro MRP allegedly owed.  But the Tucker Act and Little Tucker Act supply an adequate (indeed a superior) remedy for Plaintiffs' ultimate alleged injuries— deprivation of money—by permitting them to recover any Retro MRP to which Plaintiffs may be entitled.  That conclusion is reinforced by the fact that Plaintiffs have asserted Tucker Act and Little Tucker Act claims in this Court and in the Court of Federal Claims (in a case where there is *no* accompanying APA claim).  There is no need for the intermediate step of an order compelling Defendants to make MRP determinations—i.e., Plaintiffs' requested APA relief.  If Plaintiffs were to prevail on their Tucker Act and Little Tucker Act claims, it would entail making the very "determinations" Plaintiffs seek here under the APA.

### D.   This Court Lacks Jurisdiction Over The Little Tucker Act Claim Because Plaintiffs Have Not Clearly And Adequately Waived Claims Above $10,000

For a district court to maintain Little Tucker Act jurisdiction, a plaintiff must "waive" amounts over the $10,000 statutory threshold in terms that are "clearly and adequately expressed."  *Waters v. Rumsfeld*, 320 F.3d 265, 271 (D.C. Cir. 2003); *see United States v. Park Place Assocs.*, 563 F.3d 907, 928 (9th Cir. 2009); *Dettling v. United States*, 983 F. Supp. 2d 1184, 1205 n.18 (D. Haw. 2013).  "Generally a plaintiff's waiver should be set forth in the initial pleadings."  *Stone v. United States*, 683 F.2d 449, 454 n.8 (D.C. Cir. 1982).

Here, Plaintiffs' Complaint contains *no* waiver—let alone a "clearly and adequately expressed" waiver—of claims over $10,000.  To be sure, the Little Tucker Act claim is asserted by a putative class that is defined only to include members "[w]ho have not received payment of [Retro MRP] in an amount that is $10,000 or less."  Compl. ¶¶ 74.iii, 90.  But this class

- 11 -

definition falls far short of "clearly and adequately" *waiving* claims above $10,000; indeed, just because putative class members have "not received" $10,000 or less in payments of Retro MRP does nothing to prevent them from later claiming entitlement to Retro MRP in amounts exceeding $10,000.  Because there has been no clear and adequate waiver of claims over $10,000, this Court lacks jurisdiction over Plaintiffs' Little Tucker Act claim.

## II.     Motion For Partial Judgment On The Pleadings As To Survivors' Claims

Defendants alternatively move for partial judgment on the pleadings under Rule 12(c) insofar as Plaintiffs' claims are asserted on behalf of *survivors* of deceased retirees.  Plaintiffs' theory is that 10 U.S.C. § 1414 imposes a duty on Defendants to investigate, identify, and pay MRP to survivors, even if the survivor has not submitted a completed SF-1174 claim form seeking amounts due to a deceased retiree.  *See* Compl. ¶¶ 64, 71, 73-74, 80-91; Pls.' Opp. to Defs.' MTD [ECF No. 45] at 5-8.  This theory, however, is foreclosed by the governing statutes, basic principles of government benefits law, and common sense.

As a threshold matter, it bears emphasizing that for both their APA and Little Tucker Act claims, Plaintiffs must identify a clear and discrete legal duty owed to them by Defendants.  To state a claim for unreasonable delay under § 706(1) of the APA, Plaintiffs must show that the "agency has ignored a specific legislative command" that is "so clearly set forth that it could traditionally have been enforced through a writ of mandamus."  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010).  And to state a claim under the Little Tucker Act, Plaintiffs must adequately plead that they are "entitled to pay" under the governing statute.  *Doe v. United States*, 463 F.3d 1314, 1324 (Fed. Cir. 2006).

Applying these principles, the Complaint fails to state a claim on behalf of survivors of deceased retirees.  First, the underlying statute Plaintiffs invoke, § 1414, does not even apply to survivors; by its terms, the statute confers rights to recover MRP only on "*a member or former member of the uniformed services*."  10 U.S.C. § 1414(a)(1) (emphasis added).  Although survivors are potentially able to recover amounts of Retro MRP due to a deceased retiree through an Arrears-of-Pay award under a separate statute, 10 U.S.C. § 2771, the Complaint does not even

*Davis v. United States*, 16-cv-6258 - Defs.' Mot. to Dismiss or for Partial Judgment and to Strike Class Allegations

mention that statute.  It instead relies solely on § 1414, and erroneously lumps together the claims of living retirees and survivors as if they were indistinguishable.  Compl. ¶¶ 73-74, 80-91. Since the Complaint fails to identify a statute imposing any "clear and discrete" legal duty ***owed to survivors***, it fails to state a claim under either the APA or the Little Tucker Act.

Second, even assuming the Complaint did identify such a statute, it still fails to state a claim insofar as it asserts that Defendants are obligated by ***any*** statute to investigate, identify, and pay survivors of deceased retirees, where the survivor has not properly submitted a SF-1174 claim form for survivor benefits.  Plaintiffs' theory is that Defendants have a legal duty not only to "automatically" make Retro MRP payments to survivors, but also to seek out and find such survivors, regardless of whether they submit a claim form.  Compl. ¶¶ 64, 71; Pls.' Opp. to Defs.' MTD [ECF No. 45] at 5-8.  But that theory defies both the law and logic.  Per longstanding DOD regulations, a survivor must present a completed SF-1174 to DFAS in order to receive an Arrears-of-Pay award under § 2771.  DOD FMR 7B ¶ 300205A; 32 C.F.R. Pt. 282, App. C.  This requirement is a condition precedent to obtaining benefits from DFAS under § 2771.  It also makes good sense.  A properly-submitted SF-1174 provides assurance that the Government is paying the right amount, to the right person, and sending payment to the right address.  The SF-1174 also requires claimants to disclose (under penalty imposed by federal law) critical information that allows DFAS to identify the person who is highest on the priority list established by § 2771(a), and who was living on the date of the retiree's death.  Such information is necessary to ensure that public funds are being disbursed in the manner Congress intended, particularly since "payment under [§ 2771] bars recovery by any other person of the amount paid."  10 U.S.C. § 2771(d).  Due in part to these practical considerations, submitting an SF-1174 is an administrative remedy that should be exhausted before claimants file suit.  *See Reiter v. Cooper*, 507 U.S. 258, 269 (1993); *W. Radio Servs. v. Espy*, 79 F.3d 896, 899 (9th Cir. 1996).

In Plaintiffs' view, survivors have no duty to act whatsoever, and the Government is instead obligated to scour the world for every potential beneficiary for a particular government benefit and ensure that they are paid, and to do so under a timeline acceptable to Plaintiffs.  *See*

*Davis v. United States*, 16-cv-6258 - Defs.' Mot. to Dismiss or for Partial Judgment and to Strike Class Allegations

Compl. at 24 (seeking an order compelling Defendants to "investigate and identify" all putative class members, and to determine and pay them any Retro MRP they are owed "by a date certain").  But neither § 2771 nor any other statute imposes such an extraordinary duty on the Government.  Such a duty would also defy a basic tenet of government benefits law—that the **claimant** bears the burden of identifying himself to the Government and making a claim for benefits.[8]  Shifting this burden to the Government would not only be legally erroneous, but also unprecedented and unmanageable.  For all these reasons, Defendants are entitled to judgment on the pleadings as to both of Plaintiffs' claims insofar as they are asserted on behalf of survivors.

## III.   Motion To Strike Class Allegations For Failure To Satisfy Rule 23(a)(3) Typicality

"Parties seeking class certification must satisfy each of the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—and at least one of the requirements of Rule 23(b)."  *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 (9th Cir. 2017).  "Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained."  *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010); *see also Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009).  Here, it is clear from the face of the Complaint that the class allegations fail to satisfy Rule 23(a)'s typicality requirement, and no amount of discovery could cure that deficiency.  So the allegations should be stricken.[9]

---

[8] *See* GAO, *Principles of Federal Appropriations Law*, Vol. III, § 12-16.3.a (2d ed. Nov. 1994), *available at* https://www.gao.gov/assets/200/196723.pdf ("As a general proposition, a person who thinks the government owes him or her money must file a claim to get it.  The government is not legally required to initiate payments in the absence of claims or to encourage the filing of claims."); *see also* 32 C.F.R. Pt. 282, App. C § (g) (claimant seeking Arrears-of-Pay award under § 2771 "must prove, by clear and convincing evidence, on the written record that the United States is liable to the claimant for the amount claimed.").

[9] Defendants make this argument without waiving additional arguments they may raise in opposing any motion for class certification.

*Davis v. United States*, 16-cv-6258 - Defs.' Mot. to Dismiss or for Partial Judgment and to Strike Class Allegations

Rule 23(a)(3) requires that "the claims or defenses" of the named plaintiffs be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). To satisfy this requirement, "the claims of the putative class must be 'fairly encompassed by the named plaintiff's claims.'" *Mazur v. eBay Inc.*, 257 F.R.D. 563, 568 (N.D. Cal. 2009) (quoting *Falcon*, 457 U.S. at 156). Because "[t]ypicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought," *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011), it is proper to strike class allegations where typicality is not satisfied on the face of the Complaint, *see Falcon*, 457 U.S. at 160.

Here, the Named Plaintiffs' claims and defenses are atypical of the class because they are survivors, not living retirees—yet they seek to represent a putative class that includes *both* survivors *and* living retirees. Compl. ¶¶ 73-74, 80-91. This is improper because the claims and defenses applicable to these two groups are materially different. As explained above in Part II, a claim by a living retiree for Retro MRP may be brought under § 1414, but that statute confers no rights on survivors, who must instead seek any Retro MRP owed the decedent in the form of an Arrears-of-Pay award under § 2771. And this distinction matters: whereas a living retiree already receiving MRP need not submit a separate application for Retro MRP under § 1414, a survivor cannot receive an Arrears-of-Pay award under § 2771 unless DFAS has received sufficient proof of the retiree's death and a properly-submitted claim form by the potential beneficiary. Defendants thus will have substantial legal defenses that are unique to survivors and are not available against living retirees. It is therefore clear from the face of the Complaint that the Named Plaintiffs' claims do not "fairly encompass" claims by living retirees within the putative class, and that Rule 23(a)(3)'s typicality requirement is not satisfied.

## CONCLUSION

The Court should dismiss the Complaint for lack of jurisdiction, or, alternatively, grant Defendants partial judgment on the pleadings and strike the class allegations.

- 15 -

DATE: January 26, 2018

Respectfully submitted,

U.S. DEPARTMENT OF JUSTICE

CHAD A. READLER
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director


_____*/s/ Nikhel S. Sus*_____
NIKHEL S. SUS (D.C. Bar No. 1017937)
M. ANDREW ZEE (CA Bar No. 272510)
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice

*Counsel for Defendants*

- 16 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.

*/s/ Nikhel S. Sus*
Nikhel S. Sus